UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Norfolk Division**

JAMES R. RITCHIE,
#31972-018,

        Petitioner,

v.                                                  ACTION NO. 2:18cv297

MARK J. BOLSTER,
Warden,

        Respondent.

## UNITED STATES MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

This matter was brought by petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging a violation of due process due to a delay in receiving a report regarding prison discipline. ECF No. 1. It was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Local Rules of the United States District Court for the Eastern District of Virginia. ECF No. 2.

The undersigned **RECOMMENDS** that the petition for a writ of habeas corpus be **DISMISSED WITH PREJUDICE** because there was no violation of the due process rights claimed.

### I. STATEMENT OF THE CASE

**A.    Ritchie sought administrative remedies within the Bureau of Prisons after his disciplinary hearing.**

Petitioner, James R. Ritchie ("Ritchie"), is a federal prisoner convicted and sentenced in the Middle District of Florida. ECF No. 1 at 1. On March 14, 2008, following his conviction for transportation of child pornography by computer in interstate commerce pursuant to 18 U.S.C. § 2252(a)(1), the court sentenced Ritchie to serve 210 months in prison, followed by a life term of

supervised release. ECF No. 9 at 2–3 (citing *United States v. Ritchie*, 3:07-cr-00141-VMC-HTS (M.D. Fla. Mar. 14, 2008)). Ritchie is currently serving his sentence at the Federal Corrections Complex-Medium in Petersburg, Virginia, and the disciplinary proceedings which give rise to the petition occurred while he was housed there. ECF No. 1 at 1–2.

On September 4, 2017, Ritchie received an incident report charging him with a violation of the Bureau of Prisons ("BOP") disciplinary code 113, for possession of drugs or alcohol. ECF No. 1 at 2; ECF No. 9-1 at ¶ 4. On September 8, 2017, Ritchie appeared before the Unit Discipline Committee to answer for this charge. ECF No. 9-1 at ¶ 6. On the same day, he was also given a Notice of Discipline Hearing before the Discipline Hearing Officer ("DHO"), and was advised of his rights pertaining to that hearing. *Id* at ¶ 7. Specifically, Ritchie was advised of his right to: (1) have a written copy of the charges against him at least 24 hours prior to appearing before the DHO; (2) have a staff representative; (3) call witnesses to testify on his behalf and present documentary evidence; (4) present a statement or remain silent; (5) be present throughout the disciplinary hearing; (6) be advised of the DHO's decision and disposition in writing; and (7) appeal the DHO's decision. *Id.*

On October 4, 2017, Ritchie appeared before the DHO, was found guilty of the charge, and was sanctioned to disallowance of 41 days of good conduct time, 30 days of disciplinary segregation (suspended, pending 180 days clear conduct), loss of commissary privileges for 180 days, and loss of visitation privileges for 180 days. ECF No. 1 at 2; ECF No. 9-1 at ¶¶ 10, 12.

Ritchie filed an appeal of the DHO's decision with the Mid-Atlantic Regional Director of the BOP on March 28, 2018. ECF No. 1 at 2; ECF No. 9-1 at ¶ 16. Ritchie appealed because he had not received the DHO report within 15 work days of the decision, which is the time frame prescribed by BOP Program Statement 5720.09. ECF No. 1 at 2. In fact, Ritchie had not received

the DHO report at the time the appeal was filed on March 28, 2018, approximately 120 work days after the hearing. *Id.* Ritchie claimed that this delay was a violation of his due process rights, as it deprived him of his ability to appeal the DHO's decision. ECF No. 1 at 12, Ex. C.

The Mid-Atlantic Regional Director rejected the appeal on April 11, 2018, because Ritchie failed to submit a copy of the DHO report with his appeal. ECF No. 1 at 2, 14, Ex. D. Ritchie next filed a Central Office Administrative Remedy Appeal to the BOP Central Office on April 20, 2018. ECF No. 1 at 3, 16, Ex. E. This appeal was rejected on May 15, 2018, for again failing to submit a copy of the DHO report with his appeal. ECF No. 1 at 3, 18, Ex. F. According to Ritchie, the appeal to the Central Office was the final administrative remedy available to him within the BOP. ECF No. 1 at 3.

**B.  Ritchie filed a petition for a writ of habeas corpus after his initial administrative appeals were rejected.**

On June 4, 2018, Ritchie filed a section 2241 petition for a writ of habeas corpus, asking that 41 days of his good conduct time be reinstated, and that the September 4, 2017, incident report be expunged from his institutional record. ECF No. 1 at 5. Ritchie claimed that because he exhausted the appropriate administrative remedies available to him, and because the BOP has had a sufficient opportunity to correct its error by providing him with his DHO report and failed to do so, he has shown good cause for his petition to be granted. *Id.* at 4–5. In his petition, Ritchie alleged that his due process rights were violated when the BOP failed to provide the DHO report in a timely manner, thereby precluding him from appealing the DHO conviction and the sanctions imposed. ECF No. 1 at 3.

**C.  Ritchie received the DHO report after filing his habeas petition, and is currently pursuing additional remedies.**

On August 15, 2018, two months after Ritchie filed his petition, the DHO report at issue was completed and signed. ECF No. 9-1 at 5, 18–19, Attach. 5. The report was delivered to

3

Ritchie on September 21, 2018. *Id.* Upon delivery, Ritchie was notified that he could appeal the DHO's findings within 20 calendar days of receiving the report. *Id.* Ritchie appealed the DHO's findings by filing a Regional Administrative Remedy Appeal on October 11, 2018. ECF No. 13-2, Ex. B.

On November 5, 2018, the respondent filed a motion to dismiss, or in the alternative, motion for summary judgment. ECF No. 8. In the supporting memorandum filed on the same date, the respondent claimed that Ritchie's receipt of the DHO report on September 21, 2018, effectively remedied any violation of Ritchie's rights, and rendered his habeas petition moot. ECF No. 9 at 2, 10–11. The respondent also claimed that, although the BOP may have violated its own technical regulation by not delivering the report within 15 days of its filing, this is not a claim upon which relief can be granted, as it did not have any prejudicial effect on Ritchie's administrative appeal. *Id.* at 14–16. Thus, the respondent asked that Ritchie's habeas petition be dismissed, or in the alternative, that summary judgment be entered in favor of the respondent. *Id.* at 16.

On December 14, 2018, Ritchie received a response from the Mid-Atlantic Regional Office of the BOP granting him a re-hearing of the appeal he filed on October 11, 2018. ECF No. 13 at 2; ECF No. 13-1, Ex. A. A memorandum from the Mid-Atlantic Regional Office, dated October 4, 2018, indicated that Ritchie had been granted a re-hearing due to a discrepancy between the DHO report and the "Notice of Discipline Hearing Before the DHO" form pertaining to whether Ritchie waived his right to call witnesses at his hearing. ECF No. 15-1.

On December 21, 2018, Ritchie filed a motion to stay proceedings pending administrative action, asking this Court for a stay until the conclusion of his re-hearing, and to order that the re-hearing be conducted on or before February 4, 2019[1]. ECF No. 13 at 3–4.

---

[1] On November 26, 2018, Ritchie filed a motion for extension of time in which to file his response

4

On February 1, 2019, this Court ordered the respondent to respond to Ritchie's motion to stay within 30 days. ECF No. 14. On March 1, 2019, the respondent filed his opposition, claiming that, because Ritchie's petition was moot as of September 21, 2018, a re-hearing on issues unrelated to the timeliness of service of the DHO report does not warrant a stay of proceedings in this case. ECF No. 15 at 4. The respondent asked that the petition be dismissed, or in the alternative, that summary judgment in favor of the respondent be granted. ECF No. 15 at 4–5.

## II. ANALYSIS

### A. Ritchie's petition for a writ of habeas corpus should be dismissed.

Prisoners retain rights under, and may claim the protections of, the Due Process Clause in disciplinary proceedings. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Prisoners have a liberty interest in good time credits, and when those credits are taken away, a prisoner is entitled to those procedures which are appropriate under the circumstances and required by the Due Process Clause to ensure that the credits were not taken away arbitrarily. *Id.* at 557–58. Specifically, the due process rights that prisoners possess when a protected liberty interest is at stake are: (1) written notice of the charges against them at least 24 hours before their hearing; (2) the opportunity to call witnesses and present documentary evidence in their defense when doing so would not be unduly hazardous to institutional safety or correctional goals; and (3) a written statement of the evidence relied on and the reasons for the disciplinary action taken. *Id.* at 563–66.

If there is a delay in receiving a written statement of the evidence relied on, and if that delay does not have a prejudicial effect on the prisoner's administrative appeal, then the delay does not provide a basis for habeas relief on due process grounds. *Cook v. Warden*, 241 F. App'x 828,

---

to the respondent's motion to dismiss. ECF No. 11. The court granted Ritchie's motion on December 3, 2018, extending the deadline for his response to December 26, 2018. ECF Nos. 11, 12.

829 (3d Cir. 2007); *see also Consolidation Coal Co. v. Borda*, 171 F.3d 175, 183 (4th Cir. 1999) (explaining that it is "not the mere fact of the government's delay that violated due process, but rather the prejudice resulting from such delay," where a 16-year delay by the government to notify an employer of potential liability was held to be a violation of due process because there was prejudice shown). When the delay causes the prisoner's initial administrative appeal to be rejected and the prisoner then files a petition for writ of habeas corpus, but the due process violation alleged in the petition is subsequently remedied by providing the prisoner with a written statement and allowing him to appeal again, then there is no prejudicial effect on the prisoner, and his habeas petition should be dismissed. *Deroo v. Holinka*, 373 F. App'x 617, 617–19 (7th Cir. 2010); *see also Crawley v. Wilson*, No. 2:11CV542, 2012 WL 2505118, at *5 (E.D. Va. May 16, 2012) (citing *Consolidation Coal Co.* and holding that, where a prisoner's DHO report was delayed but he was still able to appeal the DHO's decision, there was no due process violation because there was no prejudice resulting from the delay in correctly receiving his report).

Here, Ritchie does not dispute that the first two components of due process in *Wolff*— notice of charges and opportunity to present evidence—were satisfied. Ritchie was given written notice of the charges against him on September 4, 2017, which was approximately one month before his hearing. ECF No. 9-1 at 18, Attach. 5. Ritchie was notified of his right to call witnesses and present documentary evidence in his defense on September 8, 2017. *Id.* at 2–3, 12, 18. His hearing was held on October 4, 2017. *Id.* at 18.

Ritchie claims that his due process rights in the third component of *Wolff* were violated when the written statement of the evidence relied on was not given to him within 15 days of his hearing, as prescribed by BOP Program Statement 5720.09[2], because he was unable to appeal the

---

[2] Program Statement 5720.09 (h) provides in relevant part that "The DHO prepares a record of

6

DHO decision without the written statement. ECF No. 1 at 2. A written statement of the evidence relied on and the reasons for the disciplinary action taken was eventually given to Ritchie on September 21, 2018, and he was then advised that he had 20 days to appeal the decision if he so wished. *Id.* at 19. If the delay in receiving the DHO report did not have a prejudicial effect on Ritchie's administrative appeal, then the delay does not provide a basis for the habeas relief sought. *Consolidation Coal Co.*, 171 F. 3d at 183; *Crawley*, 2012 WL 2505118 at *5.

On October 11, 2018, Ritchie successfully appealed the DHO's decision using the DHO report given to him, and on December 14, 2018, he was notified that he had been granted a re-hearing. ECF No. 13 at 2. Although his initial appeals were rejected due to the delay in receiving the DHO report, because the situation was remedied by providing Ritchie with the DHO report and allowing him to appeal again, and because Ritchie appealed and was granted a re-hearing, the delay in receiving the DHO report did not prejudice Ritchie. *See Deroo*, 373 F. App'x at 617–19. Accordingly, because the delay in receiving the written statement was remedied and has had no prejudicial effect on him, Ritchie's habeas petition should be dismissed with prejudice.

**B.     Ritchie's motion to stay should be denied.**

On December 21, 2018, Ritchie filed a motion to stay, asking that proceedings in this Court be stayed until the completion of his re-hearing. ECF No. 13. A stay of proceedings is not warranted in this case. The BOP's provision of the DHO report and subsequent granting of a re-hearing effectively remedied any due process violations arising during Ritchie's October 4, 2017, disciplinary hearing and raised in his current petition. Therefore, as the due process violations have been remedied, Ritchie's motion to stay proceedings should be **DENIED**.

---

the proceedings. The evidence, decision, and reasons for actions taken must be specific, unless this would jeopardize security. The DHO gives the inmate a written copy of the decisions and disposition, ordinarily within 15 work days of the decision." ECF No. 1 at 10, Ex. B.

7

### III. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Ritchie's petition for a writ of habeas corpus, ECF No. 1, be **DISMISSED WITH PREJUDICE**, and Ritchie's motion to stay proceedings pending administrative action, ECF No. 13, be **DENIED**.

### IV. REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, *see* 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. *See* Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

/s/
Robert J. Krask
United States Magistrate Judge

Robert J. Krask
United States Magistrate Judge

Norfolk, Virginia
June 13, 2019

## Clerk's Mailing Certificate

A copy of the foregoing was provided electronically to counsel for respondent and was mailed this date to:

James R. Ritchie, #31972-018
Federal Corrections Complex – Medium
P.O. Box 1000
Petersburg, VA 23804

Fernando Galindo, Clerk

By_____
Deputy Clerk

June 14, 2019